**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-01026-RM-GPG

YOUNES YASSEIN,

     Plaintiff,

v.

MATT LEWIS, and
OTHER UNKNOWN LAW ENFORCEMENT AGENTS,

     Defendants.

_____

## ORDER
_____

Before the Court is the Recommendation of United States Magistrate Judge Gordon P. Gallagher to grant Defendant's Motion to Dismiss (ECF No. 26).  Plaintiff has filed Objections (ECF No. 52) to the Recommendation, which the Court hereby overrules.  The Court accepts the Recommendation for the reasons below.

## I.     LEGAL STANDARDS

### A.     Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.      Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### C.      Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

## II.   BACKGROUND

Plaintiff alleges that the following incident occurred on December 6, 2019.  (ECF No. 52 at 5.)  He and a companion were driving on I-70 near Grand Junction, Colorado, when they were pulled over by an unknown law enforcement officer.  (ECF No. 1-1, ¶ 1, 6.)  Plaintiff alleges they were detained while the officer asked for documents, searched their rental car and a backpack in the trunk, and refused to answer Plaintiff's questions.  (*Id.* at ¶¶ 7-48.)  Later, two to three cars with four to six other agents arrived.  (*Id.* at ¶ 49.)  The officer and agents claimed that their dog detected meth, cocaine, and heroin on the driver's belongings.  (*Id.* at ¶ 52.)  The officer and agents found about $152,000, destroying the rental in the process.  (*Id.* at ¶¶ 58, 59.)  Plaintiff and the driver were then handcuffed, placed in the back of a patrol car, dropped off at a gas station in Fruita, Colorado, and told they were free to go.  (*Id.* at ¶¶ 60, 66, 67.)

Plaintiff, proceeding pro se, then filed this lawsuit, asserting claims for (1) violation of equal protection/racial profiling, (2) violation of the Fourth and Fourteenth Amendment/unlawful search and seizure, (3) failure to train against Defendant Lewis "and at least one DEA Supervisor," (4) violation of R.I.C.O., 18 U.S.C. § 1964(c), against all Defendants, and (5) civil conspiracy in violation of 28 U.S.C. § 1367(a) against all Defendants.  (*Id.* at 9-16.)

Defendant Lewis filed a Motion to Dismiss (ECF No. 26), arguing that that although the lawsuit named "Matt Lewis" and "other unknown law enforcement agents" as Defendants, the Complaint was devoid of any allegation against him or any allegation that he was one of the unknown law enforcement agents that participated in the traffic stop.  Therefore, he requested that the claims against him be dismissed with prejudice for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).

3

In his response to the Motion (ECF No. 29), Plaintiff asserted that Defendant Lewis was the unknown agents' supervisor, but Plaintiff did not meaningfully address the absence of any specific allegations against Defendant Lewis in the Complaint.

In his Reply (ECF No. 33), Defendant Lewis argued that the Complaint insufficiently alleged his personal participation in the traffic stop or provided fair notice of the nature of any claim against him or the grounds on which such a claim rested.

In the Recommendation, the magistrate judge determined that Plaintiff failed to meet the minimum pleading standards to establish any claim against Defendant Lewis. (ECF No. 51 at 6.) The magistrate judge further determined that although the case had been pending for seven months and Plaintiff had been encouraged to contact the pro se clinic for assistance, he had not identified or served any other Defendant. Therefore, the magistrate judge recommended granting the Motion.

### III. ANALYSIS

The Court finds Plaintiff's Objections to the Recommendation fail to meaningfully address the substantial deficiencies in the Complaint. His threadbare allegations against Defendant Lewis are insufficient to establish an affirmative link between him and the alleged violations of Plaintiff's constitutional rights. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). He has not plausibly alleged any right to relief against Defendant Lewis. With respect to the unnamed Defendants, Plaintiff cannot indefinitely maintain a case against unnamed persons. While courts generally permit a plaintiff to sue unnamed defendants, the plaintiff must provide an adequate description of some kind which is sufficient to identify the persons involved so process can eventually be served. *See Whitehead v.*

4

*Marcantel*, 766 F. App'x 691, 695 n.2 (10th Cir. 2019).  Plaintiff has failed to do so.

Accordingly, the Court accepts the Recommendation.

## IV.    CONCLUSION

Plaintiff's Objections (ECF No. 52) are OVERRULED, the magistrate judge's

Recommendation (ECF No. 51) is ACCEPTED, and Defendant Lewis's Motion to Dismiss (ECF

No. 26) is GRANTED.  Plaintiff's pending Motion to Recuse (ECF No. 50) is DENIED AS

MOOT, and the Clerk is directed to CLOSE this case.

DATED this 3rd day of December, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge